IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN H. WOODEN, ) | |
| a/k/a JABARI I. MANDELA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-01052-JDB-tmp |
| ) | |
| WILLIAM LEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR
PRELIMINARY INJUNCTION
AND STAYING AND ADMINISTRATIVELY CLOSING CASE

Before the Court is the motion for temporary restraining order and/or preliminary injunction filed by the pro se Plaintiff, John Henry Wooden, a/k/a Jabari Issa Mandela, against the Defendants, Tennessee Governor William Lee; David Rausch, as Director of the Tennessee Bureau of Investigation; Frank Strada, as Commissioner of the Tennessee Department of Correction ("TDOC"); Lisa Helton, as Assistant Commissioner of TDOC; Parole Supervisor FNU Mann; Parole Supervisor FNU Rudolph; Parole Supervisor David Miller; Parole Supervisor Christina Davidson; Parole Supervisor FNU Lanier; Parole Supervisor FNU Pitman; and FNU Adler, Ph.D., as head of the Tennessee Sex Offender Treatment Board.  (Docket Entry ("D.E.") 3.)  For the reasons explained below, the motion is GRANTED and this case is STAYED and ADMINISTRATIVELY CLOSED pending a decision by the United States Court of Appeals for the Sixth Circuit in *Does #1-9 v. Lee*, Case No. 3:21-cv-590 (M.D. Tenn.), *appeal filed*, Case No. 23-5248 (6th Cir.).

I.  BACKGROUND

On March 8, 2024, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 (D.E. 1), a motion seeking leave to proceed in forma pauperis (D.E. 2), and the instant motion (D.E. 3).  In the complaint, Wooden alleges that he "was convicted of two sexual offenses that occurred prior to 1982 [and] served more than 40 years 9 months and 3 days prior to being released on October 18, 2022, from the Morgan County Correctional Complex in Wartburg, Tennessee."  (D.E. 1 at PageID 5.)[1]  According to the complaint, after he registered as a sexual offender in Tennessee on October 19, 2022, he was fitted with an ankle location-monitoring device; received "a set of restrictions [regarding places] he could not work, reside, []or stand idly by" (*id*. at PageID 6); was "sanction[ed] . . . without . . . an opportunity to be heard . . . [regarding] monthly [reporting,] drug tests[, and] monthly . . . register[ing]" (*id*. at PageID 7); and "attend[ed] weekly [Sex Offender Treatment Program ("SOTP")] classes" (*id*. at PageID 10).  The Plaintiff avers claims under § 1983 against Defendants for "retroactively applying the provisions of the Tennessee sex offender registration act requirements[2] to him as additional punishment . . . for crimes committed prior to the existence of such laws" (*id*. at PageID 12 (referred to as the "Ex Post Facto Claim")), in violation of the Constitution's Ex Post Facto Clause, Due Process Clause, Equal Protection Clause, and First Amendment.  On March 13, 2024, the Court granted leave to proceed in forma pauperis. (D.E. 6.)

---

[1] Plaintiff, who was released to probation on October 18, 2022, is presently assigned to the Probation and Parole Office in Jackson, Tennessee.  *See also* https://foil.app.tn.gov/foil/details.jsp (Tennessee Department of Correction Felony Offender Information Website) (last accessed Mar. 29, 2024).

[2] The Court construes Wooden's allegation to refer to Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA"), Tenn. Code. Ann. §§ 40-39-201 to 218.

In his motion, Plaintiff seeks a temporary restraining order or preliminary injunction that prohibits the Defendants from requiring him to comply with the SORA. No Defendant has filed a response to the motion, and the deadline for doing so has expired. *See* LR 7.2(a)(2).

In *Lee*, nine prior sex offenders brought § 1983 actions against Lee and Raush, alleging that, in violation of the Ex Post Facto Clause, the plaintiffs were placed on Tennessee's sex offender registry and subjected to the registry's requirements despite the fact that. when they committed their offenses, the registration scheme under the SORA did not exist. *See Does #1-9 v. Lee*, 659 F. Supp. 3d 865, 878 (M.D. Tenn. 2023). Following consolidation, the parties filed respective motions for summary judgment. *Id*. at 871. The district court held that, *inter alia*, the SORA imposes retroactive criminal punishment in violation of the Ex Post Facto Clause. *Id*. at 889. Defendants appealed the court's conclusion that the statute imposes retroactive criminal punishment and its award of declaratory and injunctive relief. (*See Lee*, Case No. 23-5248 (6th Cir.), D.E. 17.) After briefing by the parties, the Sixth Circuit held oral argument on December 7, 2023. (*See id*., D.E. 38.) The appellate court's decision remains pending.

II.   ANALYSIS

   A.   Administrative Stay

Here, a stay is warranted given the dispositive impact on this case of the Sixth Circuit's impending ruling in *Lee*. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Doe v. Lee*, No. 3:21-CV-10-KAC-DCP, 2023 WL 2904575, at *4 (E.D. Tenn. Apr. 11, 2023) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)) (cleaned up). "But 'a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id*. (quoting *Ohio Env't Couns. v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div*., 565 F.2d 393, 396 (6th Cir. 1977)).

"The court 'must weigh competing interests and maintain an even balance.'" *Id*. (quoting *Landis*, 299 U.S. at 254-55) (granting preliminary injunction and motion to stay in substantively and procedurally similar SORA case due to pending appeal in *Lee*).

In *Lee*, the plaintiffs were convicted of sexual crimes prior to the enactment of the predecessor to SORA in 1995. *Does #1-9 v. Lee*, Case Nos. 3:21-cv-00590, 3:21-cv-00593, 3:21-cv-00594, 3:21-cv-00595, 3:21-cv-00596, 3:21-cv-00597, 3:21-cv-00598, 3:21-cv-00624, 3:21-cv-00671, 2023 WL 2335639, at 878 (M.D. Tenn. Mar. 2, 2023). Relying on *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), the district court held that, given SORA's punitive nature, that statute's retroactive imposition against the plaintiffs violates the Ex Post Facto Clause. On that basis, the district court enjoined SORA's enforcement. *Lee*, 2023 WL 2335639, at 882-90, 894.

Similar to the plaintiffs in *Lee*, Wooden alleges that the SORA is punitive and its application to him "for crimes committed prior to the existence of such laws . . . violat[es] the Ex Post Facto Clause" (D.E. 1 at PageID 12) and seeks permanent injunctive relief that bars its application to him. In other words, issues relevant to Plaintiff's allegations about SORA and the Ex Post Facto Clause are similar to the claims and issues on appeal in *Lee*.

The Sixth Circuit's decision will likely clarify those issues in the instant case. It is likely that, in the *Lee* appeal, the Sixth Circuit will decide whether the reasoning of *Snyder* is applicable to SORA, such that SORA's application to conduct occurring before its enactment and/or its various amendments violates the Ex Post Facto Clause. Because Wooden raises that precise issue in this case, "[t]he outcome of the appeal in [*Lee*] will also likely control the outcome of Plaintiff's claims here." *See Doe v. Rausch*, No. 1:22-cv-01131-STA-jay, 2023 WL 3938878, at *2 (W.D. Tenn. June 9, 2023).

Staying this case until the Sixth Circuit decides *Lee* would promote judicial efficiency and conservation of the Court's and the parties' resources. For example, the Sixth Circuit's decision

4

will impact this Court's determination of whether declaratory relief and injunctive relief are the appropriate remedies, clarify the scope of discovery in the instant case, streamline issues relevant to motion practice in this matter and guide this Court's determination of, *inter alia*, whether it has jurisdiction over Lee and Rausch. Absent a stay, the Defendants could suffer prejudice by spending resources on unnecessary discovery and motion practice, depending on the appellate outcome in *Lee*.

Furthermore, the complexity of the current state of SORA-related law as applied to Ex Post Facto Clause claims in federal courts in Tennessee underscores the reasonableness of administratively staying this case pending the Sixth Circuit's decision. Other courts have reached the same conclusion.[3] As already determined by another Tennessee district court in a case with a similar posture,

> [p]roceeding with the current schedule would put the [p]arties in the difficult position of expending time and effort to prepare for trial while the Sixth Circuit is considering a potentially dispositive legal issue of Constitutional import. A stay, coupled with the preliminary injunction issued contemporaneously, will therefore benefit all [p]arties.

*Rausch*, 2023 WL 2904575, at *5. "A stay will also allow the [c]ourt to efficiently 'control the disposition of the causes on its docket,'" resulting in "'economy of time and effort' for the [p]arties, counsel, and the [c]ourt." *Id.* (citing *Landis*, 299 U.S. at 254).

---

[3] In at least six cases involving Ex Post Facto Clause challenges to the SORA, district courts in Tennessee have granted defendants' motions for stays pending the Sixth Circuit's ruling in *Lee*. (*See Doe v. Rausch*, Case No. 3:20-cv-407 (E.D. Tenn. May 5, 2023) (D.E. 42); *Doe v. Lee*, Case No. 3:21-cv-10 (E.D. Tenn. Apr. 11, 2023) (D.E. 41); *Holloway v. Lee*, Case No. 3:23-cv-0038 (M.D. Tenn. Apr. 10, 2023) (D.E. 24); *Myrick v. Lee*, Case No. 3:22-cv-0569 (M.D. Tenn. Apr. 5, 2023) (D.E. 41); *Winters v. Lee*, Case No. 3:22-cv-0338 (M.D. Tenn. Apr. 4, 2023) (D.E. 67); *Doe v. Lee*, Case No. 3:22-cv-0712 (M.D. Tenn. Apr. 4, 2023) (D.E. 32); *see also John Doe v. Lee*, No. 2:21-cv-02156-SHL-atc (W.D. Tenn. Nov. 1 2023) (D.E. 90) (granting joint motion to administratively stay case).) At least three decisions by district courts in Tennessee have sua sponte stayed cases involving Ex Post Facto Clause challenges to the SORA pending the Sixth Circuit's ruling in *Lee*. (*See Doe v. Rausch*, Case No. 3:20-cv-0728 (M.D. Tenn. May 11, 2023) (D.E. 64); *Doe v. Lee*, Case No. 1:23-cv-0027 (M.D. Tenn. May 10, 2023) (D.E. 6); *Burkhart v. Rausch*, Case No. 3:23-cv-0114 (M.D. Tenn. May 8, 2023) (D.E. 11).

For the foregoing reasons, this action is STAYED and ADMINISTRATIVELY CLOSED under the conditions set forth below, pending the Sixth Circuit's decision in *Lee*.

B. <u>The Motion</u>

In the instant motion, Wooden seeks

> a temporary restraining order and/or preliminary injunction ordering the [D]efendants to cease immediately from retroactively applying and enforcing the application and/or procedures of the Tennessee Sexual Registration and Monitoring Act against him, to remove his name and any other information identifying him as a registered sexual offender from both the Tennessee and national sexual offender registration data base, . . . and remove the identification code restriction that identifies him as a registered sexual offender.

(D.E. 3 at PageID 20-21.)

A request for preliminary injunction requires a district court to consider the following factors: (1) "the likelihood that the movant will succeed on the merits," (2) "whether the movant will suffer irreparable harm without the injunctive relief," (3) "the probability that granting the injunction will cause substantial harm to others," and (4) "whether the public interest will be advanced by issuing the injunction." *Cleaborn v. Gentry*, Case No. 2:18-cv-2603-JPM-dkv, 2019 WL 2267312, at *3 (W.D. Tenn. May 28, 2019) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)) (alterations omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.* (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). Even an unopposed request must be examined "because 'a preliminary injunction is an extraordinary remedy never awarded as of right.'" *Atwell v. Rausch*, No. 3:22-CV-438-KAC-DCP, 2023 WL 3440247, at *3 (E.D. Tenn. May 12, 2023) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

The preliminary injunction factors weigh in favor of granting Wooden's unopposed motion. First, as federal court case law in Tennessee currently stands on the issue of Ex Post Facto Clause challenges to the SORA, there is a reasonable likelihood that the movant would succeed on the merits of his Ex Post Facto Claim. In *Snyder*, the Sixth Circuit held that the retroactive application of the 2006 and 2011 amendments to Michigan's Sexual Offender and Violent Sex Offender Registration, Verification, and Tracking Act (the "Michigan Act") violated the Constitution's Ex Post Facto Clause. *Snyder*, 834 F.3d at 706. Following that ruling, federal courts in Tennessee have found that the SORA "is so similar to the Michigan [Act] . . . that 'virtually every observation that the Sixth Circuit made about the Michigan regime could be made about [the SORA] with, at most, minimal tweaking.'" *Atwell*, 2023 WL 3440247, at *5 (citing *Reid v. Lee*, 476 F. Supp. 3d 684, 706 (M.D. Tenn. 2020)) (cleaned up). In *Lee*, the district court reached the same conclusion when enjoining the retroactive application of SORA and its amendments for violation of the Ex Post Facto Clause. *Lee*, 659 F. Supp. 3d at 885; *see also Rausch*, 2023 WL 3938878, at *2 (granting a preliminary injunction based on *Snyder* and noting that "[t]he fact that *Lee* reached the same result regarding the controlling nature of *Snyder* suggests that [p]laintiff is likely to be successful on the merits of his ex post facto claim. The outcome of the appeal in *Lee* will also likely control the outcome of [p]laintiff's claims here"). Under this framework, Wooden has a reasonable likelihood of success on the merits, at least with respect to his Ex Post Facto Claim.

Second, he is likely to suffer irreparable injury if continued enforcement of SORA against him is not enjoined. "[I]f it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). As stated previously, Plaintiff is likely to succeed on the merits and, "[w]hen constitutional rights

are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012).

The third and fourth factors also weigh in favor of granting injunctive relief. An injunction would serve the public interest, which "is served by preventing the violation of constitutional rights." *Atwell*, 2023 WL 3440247 at *5 (quoting *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004)). And "[b]ased on the fact that [d]efendant[s] and the State of Tennessee do[] not oppose the entry of the preliminary injunction, the [c]ourt has no basis to find that an injunction would cause substantial harm to others." *See Rausch*, 2023 WL 3938878, at *3.

Because all factors favor entering Plaintiff's proposed (and unopposed) injunction, this Court GRANTS the motion and ISSUES the following preliminary injunction ("Preliminary Injunction"):

The Defendants and their officers, directors, agents, representatives, attorneys, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them, are:

1. PROHIBITED from enforcing Tennessee's Sexual Offender and Violent Sex Offender Registration, Verification, and Monitoring Act of 2004, Tenn. Code Ann. §§ 40-39-201 to 218, against Wooden;

2. PROHIBITED from requiring Wooden to comply with any portion of the SORA;

3. PROHIBITED from publishing Wooden's information on the sex offender registry;

4. ORDERED to provide notice of this Preliminary Injunction to the Defendants' officers, directors, agents, representatives, attorneys, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them (the "Third Parties"); and

5. ORDERED to take whatever means are necessary or appropriate to ensure proper compliance by the Third Parties with this Preliminary Injunction.

This Preliminary Injunction SHALL remain in effect until a final order or judgment is entered in this case unless dissolved sooner by order of this Court.

III. CONCLUSION

For the reasons explained above,

A. This case is STAYED and ADMINISTRATIVELY CLOSED, and all deadlines are VACATED pending resolution of the Sixth Circuit's ruling in *Does #1-9 v. Lee*, Case No. 23-5248 (6th Cir.).

B. Within TEN DAYS of the date of the Sixth Circuit's decision in *Lee*, Plaintiff SHALL NOTIFY the Court in writing and SHALL MOVE to re-open this case and to enter an initial case management order.

C. Within TWENTY-ONE DAYS of the Sixth Circuit's decision in *Lee*, Wooden and each of the Defendants in this action SHALL FILE a report that sets forth that party's respective positions regarding the impact of the Sixth Circuit's ruling in *Lee* on this matter.

D. The Clerk is DIRECTED to administratively close this case.

IT IS SO ORDERED this 3rd day of April 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE