IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN H. WOODEN, <br> a/k/a JABARI I. MANDELA, <br> <br> Plaintiff, <br> <br> v. <br> <br> WILLIAM LEE, *et al.*, <br> <br> Defendants. | Case No. 1:24-cv-01052-JDB-tmp |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO VACATE OR AMEND,
VACATING STAY AND ADMINISTRATIVE CLOSURE,
DIRECTING CLERK TO RE-OPEN CASE,
ALLOWING HEARING REGARDING INJUNCTIVE RELIEF,
AND
DIRECTING CLERK TO ISSUE SUMMONSES

In an order entered April 3, 2024, this Court granted the motion of the pro se Plaintiff, John Henry Wooden, a/k/a Jabari Issa Mandela, for a preliminary injunction and stayed and administratively closed this matter pending the Sixth Circuit's ruling in *Does #1-9 v. Lee*, Case No. 3:21-cv-0590 (M.D. Tenn.), *appeal filed*, Case No. 23-5248 (6th Cir.). (Docket Entry ("D.E.") 8.) On April 12, 2024, the Defendants moved to vacate or amend the Court's order. (D.E. 10.) Defendants have also filed notices of insufficient service (D.E. 13) and limited appearance (D.E. 14). As briefing has closed, the issues raised are ripe for analysis.

Initially, the Court notes that Defendants incorrectly styled their motion as one pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Under that rule, a court may vacate "a final judgment, order, or proceeding" for one of several reasons. *See* Fed. R. Civ. P. 60(b). However, the Court's April 3, 2024, order was not a final judgment or order. Indeed, no judgment has been

entered in this matter.  *See Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015) (Rule 60(b) does not "provide[] an appropriate means to challenge a non-final order. . . . [The rule] applies only to 'final' orders and judgments.").  Thus, relief under Rule 60(b) is unavailable to the Defendants.

They further request that the Court direct the Clerk to issue process and screen the complaint at this phase of the case.  When a plaintiff sues pro se and moves to proceed in forma pauperis ("IFP"), federal courts screen the complaint prior to the issuance of summonses in order to determine whether the matter should move forward.  *See Sumler v, LeSaint/Tagg Logistics*, No. 2:22-cv-02836-TLP-atc, 2024 WL 2106176, at *2 (W.D. Tenn. May 10, 2024) (citing LR 4.1(b)(2)[1]).  A court screening a complaint should dismiss the action if it (1) is "frivolous" or "malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief" against "a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  In this case, the Court has already granted Wooden's motion to proceed IFP.  (*See* D.E. 6.)

However, until the Sixth Circuit issues its decision in *Lee*, the Court cannot definitively determine whether Wooden's complaint states an Ex Post Facto Clause claim to relief for the purposes of screening under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  In other words, the current state of Ex Post Facto challenges to Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA"), Tenn. Code Ann. §§ 40-39-201 through 218, and the appellate posture of *Lee* render premature the PLRA screening Defendants seek.  *See*, *e.g.*, *Doe v. Rausch*, No. 1:22-cv-01131-STA-jay, 2023

---

[1]The local rule provides that, "[i]f a pro se plaintiff who is not a prisoner is proceeding [IFP], the Clerk will issue summonses only if directed to do so by the Court following screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Process will be served by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3)."  LR 4.1(b)(2).

WL 3938878, at *2 (W.D. Tenn. June 9, 2023) (noting that "[t]he outcome of the appeal in [*Lee*] will also likely control the outcome of [p]laintiff's claims here").

This legal landscape being in flux persuades the Court to grant Defendants' request for issuance of process solely for the purpose of allowing them to respond to Wooden's request for injunctive relief and to deny their request that the complaint be screened prior to the Sixth Circuit's decision in *Lee*.

The Court now turns to the pending motion. Defendants argue therein that the April 3, 2024, order should be vacated or amended on the ground that they were not afforded notice of the Plaintiff's motion for injunctive relief. Moreover, they submit, the April 3, 2024, order is void for lack of jurisdiction because they were not served with process before its entry.

Wooden filed his motion for injunctive relief on March 8, 2024, along with his complaint and application to proceed IFP. He argues here that,

> on March 8, 2024, after delivering his complaint for filing in the office of the U.S. District Court Clerk in Jackson, Tennessee[,] [h]e then drove to the U.S. Post office a few blocks from the federal courthouse to deposit a copy of the documents that he had just delivered to the [C]lerk for filing. Not only did [P]laintiff mail the documents along with a certificate of service, . . . he called the state attorney general's office on March 11, 2024, to advise them of the documents expected to be delivered with[in] a few days.

(D.E. 15 at PageID 69-70.) In response, Defendants point out that "[n]o summons has issued, as required by Fed. R. Civ. P. 4(c), (j) and Local Rule 4.1(b)(2), and no proof or service has been entered, as required by Fed. R. Civ. P. 4(*l*)(1) and Local Rule 4.1(e)." (D.E. 16 at PageID 84 (also contending that Plaintiff has not properly served Defendants because he has not complied with the service requirements in Tenn. R. Civ. P. 4.04(6) and 4.04(10)).

The Defendants' reliance on the service requirements of federal and state rules of civil procedure is misplaced. Service under Fed. R. Civ. P. 4 materially differs from notice under Fed. R. Civ. P. 65, which provides that "[t]he court may issue a preliminary injunction only on notice

3

to the adverse party." Fed. R. Civ. P. 65(a)(1). Rule 65(a)(1) mandates that all parties adverse to a preliminary injunction must be given notice, but it "requires only 'notice' – not a particular kind of notice." *Good v. Triton Steel Grp, LLC*, Case No. 3:21-cv-00337, 2022 WL 17853360, at *5 (M.D. Tenn. Dec. 22, 2022), *appeal filed* (No. 23-5062) (6th Cir. Jan. 24, 2024). "While the specific type of notice is not specified in Rule 65, actual notice is sufficient." *Caring Senior Serv. Franchise P'ship, L.P. v. Batson*, Case No. 1:06-CV-82, 2006 WL 8442197, at *2 (E.D. Tenn. May 15, 2006) (citing *County Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir, 2002)). "[T]he determination of whether a party has received notice of a preliminary injunction sufficient to satisfy [Rule] 65(a) rests within the discretion of the district court." *Good*, 2002 WL 17853360, at *5 (finding notice sufficient for purposes of Rule 65(a)(1) where "plaintiffs sent their request [for an injunction] to an email address that [defendant] was using at the time"). "[A] hearing is only required [prior to a preliminary injunction] when there are disputed factual issues, and not when the issues are primarily questions of law." *Thomas v. Core Civic, Inc.*, Case No. 3:19-cv-00817, 2019 WL 6117350, at *2 (M.D. Tenn. Nov. 18, 2019) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007)), *report and recommendation adopted*, 2020 WL 3000800 (M.D. Tenn. June 4, 2020).

Wooden has offered evidence that the Defendants received notice of his intent to seek injunctive relief regarding his compliance with SORA. He alleges in the verified complaint that "he . . . address[ed] the complaint to [the] [TDOC] parole division to resolve it prior to lodging this complaint in the federal district court" and Defendant Mann "schedule[d] a hearing" but "never replied, entered any findings, conclusions or decision in the matter." (D.E. 1 at PageID 11-12.) Plaintiff insists that he mailed the complaint, the motion, and his application to proceed IFP to the Defendants on March 8, 2024. Accordingly, the Court finds that the Defendants received actual notice pursuant to Rule 65(a)(1).

4

Furthermore, the issues raised in Plaintiff's complaint and the instant motion are questions of law, not disputes of fact. (*See*, *e.g.*, D.E. 1 at PageID 12-13 and D.E. 3-1 at PageID 27 (alleging that "retroactive[] appl[ication] . . . of the [SORA] to him for [sexual offenses] committed prior to the existence of [the] law[] [constituted additional punishment] in violation of the Ex Post Facto Clause and Due Process Provision of the Fourteenth Amendment to the United States Constitution").) Therefore, Rule 65(a)(1) did not require a hearing prior to entry of the April 3, 2024, order. *See Thomas*, 2019 WL 6117350, at *2, *supra*.

Notwithstanding the fact that a hearing is not required, the Court deems it necessary to hear from the parties in light of Wooden's claim that, "despite the letter from the [D]efendant TBI director's staff" "that the TBI intends to act to remove [Wooden's] identification from the [SORA] registry" "and their so-called best efforts[,] the [P]laintiff's identification information is still being published on the Tennessee Sexual Offender Registry." (D.E. 15 at PageID 72-73; *see also id*. at PageID 72 (alleging that Wooden "has job offers extended to him and . . . is trying to take the steps necessary to be a productive citizen[,] and the application of the registry has [been] used to add punishment to him"). He submits that he has suffered, and will continue to suffer, immediate and irreparable injury, loss, or damage. (D.E. 1 at PageID 9-10 (alleging that he "is prohibited from visiting elderly relatives who are above the age of 76 to 79 years because they are located near a school, childcare facility or playground"); *id*. at PageID 10 (averring that he "is not allowed to attend church to worship due to the church's child day care operation or education school programs"); *id*. (claiming that he has "no transportation nor money to pay for transportation costs to be delivered to" weekly Sex Offender Treatment Program classes as required by the Defendants "[d]ue to the [D]efendants' interference [in his efforts to obtain] a wage-earning job"); (D.E. 3-1 at PageID 25-26 (alleging that Plaintiff's lack of transportation because of his compliance with SORA's registry requirement has denied him access to medication)). The Court reserves

5

determination on Defendants' request to vacate or amend the April 3, 2024, order until after the hearing.  *See Certified Restoration Dry Cleaning Network*, 511 F.3d at 553.

      For the reasons explained above:

      A.      The motion is GRANTED as to Defendants' request to vacate the April 3, 2024, order's stay and administrative closure of the case and issue summonses and is DENIED as to their request for a screening of the complaint at this time.

      B.      The Clerk is DIRECTED to re-open the case.

      C.      The Clerk is DIRECTED to issue process for the Defendants solely for the purpose of allowing them to respond to Wooden's request for injunctive relief and to deliver that process to the U.S. Marshal for service.  Service shall be made on Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective.  All costs of service shall by advanced by the United States.  It is further ORDERED that Wooden shall serve upon counsel for each Defendant a copy of every subsequent document filed by him in this case or upon any Defendant personally if he or she is unrepresented.  Plaintiff shall make a certificate of service on every document filed by him.  He shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.[2]  He is reminded that he must promptly notify the Clerk *in writing* of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

---

[2] A copy of the local rules may be obtained from the Clerk or on the Court's website.  *See* https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

   D.  Following issuance of process, the Court will conduct a hearing, the date and time of which shall be set by separate docket entry.

  IT IS SO ORDERED this 15th day of May 2024.

                <u>s/ J. DANIEL BREEN</u>
                UNITED STATES DISTRICT JUDGE