IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN H. WOODEN, | ) | |
| a/k/a JABARI I. MANDELA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01052-JDB-tmp |
| | ) | |
| WILLIAM LEE, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER DENYING MOTION TO RE-OPEN CASE,
DENYING MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT,
AND
DIRECTING CLERK TO ISSUE SUMMONS

Before the Court are the motion of the Plaintiff, John H. Wooden a/k/a Jabari I. Mandela, to re-open this case and for entry of an initial case management order (Docket Entry ("D.E.") 19) and the renewed motion for screening and second motion for extension of time filed by the Defendants, William Lee, Governor of the State of Tennessee; David Rausch, Director of the Tennessee Bureau of Investigation ("TBI"); Frank Strada, Commissioner of the Tennessee Department of Correction ("TDOC"); Lisa Helton, Assistant Commissioner of TDOC; Parole Supervisors F/N/U Mann, F/N/U Rudolph, David Miller, Christina Davidson, F/N/U Lanier, and F/N/U Pitman; and F/N/U Adler, Ph.D., head of the Tennessee Sex Offender Treatment Board (D.E. 26). For the reasons explained below, the motions are DENIED and the Clerk is DIRECTED to issue summons for the Defendants to respond to the complaint.

I.      BACKGROUND.

The Court has summarized the procedural background of this case in a previous order.  (*See* D.E. 8.)  On May 15, 2024, the Court vacated an April 3, 2024, stay and administrative closure of this case; directed the Clerk to re-open the matter and to issue process for the purpose of allowing the Defendants to respond to Wooden's request for injunctive relief; and denied Defendants' request for a screening of the complaint at that time.  (D.E. 17; *see also id*. at PageID 118 ("[U]ntil the Sixth Circuit issues its decision in [*Does #1-9 v.*] *Lee*, the Court cannot definitively determine whether Wooden's complaint states an Ex Post Facto Clause claim to relief for the purposes of screening under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the 'PLRA')").)  Summonses were issued as to all Defendants the same date (D.E. 18) and returned executed on June 13, 2024, (D.E. 25).  On May 15, 2024, the Sixth Circuit rendered its ruling in *Lee*.  *See Does #1-9 v. Lee*, 102 F.4th 330 (6th Cir. 2024).  Wooden filed the instant motion on May 28, 2024.

On June 3, 2024, the Court granted Defendants' unopposed request for an extension of time to respond to Plaintiff's request for injunctive relief.  (*See* D.E. 21 (extending Defendants' time to respond to fourteen days after the Sixth Circuit issued its mandate in *Lee*).)  On June 5, 2024, the Court granted the Defendants' unopposed motion for an extension of time to respond to Wooden's complaint.  (D.E. 24 (extending Defendants' time to respond to twenty-one days after the Sixth Circuit's mandate in *Lee)*.)  Defendants filed the instant motion on August 23, 2024, requesting that the Court screen the complaint pursuant to the PLRA and extend their time to respond to the complaint until twenty-one days after screening is complete or a denial for screening is issued by the Court.  On September 3, 2024, the Defendants responded in opposition to Plaintiff's motion for injunctive relief.  (D.E. 27.)

II.      ANALYSIS.

At the outset, the Court notes that, to the extent Wooden's motion seeks reopening of this case, the request is moot, as the Court's May 15, 2024, order already did so. (*See* D.E. 17.) To the extent Defendants' motion requests screening of the complaint at this time, it is not well taken. Under *Lee*, Wooden has potentially stated a claim for relief. *See Lee*, 102 F.4th at 342. However, to perform *Lee*'s screening analysis of Wooden's Ex Post Facto Clause claim, the Court needs the Defendants' answer to the complaint.

In *Lee*, the sex offender-plaintiffs claimed that the Tennessee sex offender registry statute's reporting requirements and geographical restrictions enacted after the plaintiffs' convictions violated the Ex Post Facto Clause. *Id.* at 332. They sought declaratory and injunctive relief against Lee and Rausch. *Id.* The Sixth Circuit held that: (1) the sex offender-plaintiffs lacked standing to sue Lee, *id.* at 336 ("the Governor's general executive powers . . . are insufficient alone to confer standing"); (2) Rausch is "subject to suit and possible injunction regarding those portions of Tennessee's statutes that come under his responsibility or enforcement authority", *id.*; and (3) district courts must engage in a provision-by-provision analysis of Tennessee's sex offender registry statute to determine which, if any, portions violate the Ex Post Facto Clause, *id.* at 340-41. The court explained:

> Elision is appropriate here because the Tennessee legislature clearly would have "enacted the act in question with the unconstitutional portion omitted." In fact, that is exactly what it did. [T]he original sex offender registry statute, passed in 1994, created a simple registration, tracking, and publication system. This regime was clearly constitutional under *Smith* [*v. Does*, 538 U.S. 84 (2003)] and *Cutshall* [*v. Sundquist*, 193 F.3d 466 (6th Cir. 1999)]. So also were subsequent amendments tightening penalties for failure to report in a timely manner. In 2003, the first geographical restrictions were imposed, and these were never constitutionally tested. These restrictions continue into the new Act, which replaced [the Sexual Offender Registration and Monitoring Act ("SORMA")] and itself added restrictions over the years. To elide the statute, the district court must look at each restriction, compare it to the guidance issued in *Smith*, *Cutshall*, [*Doe v.*] *Bredesen*, [507 F.3d 998 (6th Cir. 2007)] and [*Does #1-5 v.*] *Snyder*, [834 F.3d 696 (6th Cir. 2016)], apply the [*Kennedy v.*] *Mendoza-Martinez*, [372 U.S. 144 (1963)] factors

3

>   where those cases come up short, and issue a remedy tailored to the statute. While
>   technical and potentially difficult, such challenges do not make elision impossible
>   or require the court to step into the shoes of the legislature.

*Id*. at 341 (some internal citations omitted).

Defendants' answer is necessary to carry out *Lee*'s case-by-case analysis of the Ex Post Facto Claim because, for example, the answer to allegations about particular statutory provisions would inform determination of which *Lee* category applies in the instant case, *i.e.*, the "clearly constitutional" category or the "constitutionally [un]tested category." *See id.* at 337-39 ("any provisions of Tennessee's Act analogous to those discussed in *Smith*, *Bredesen*, and *Cutshall* pass constitutional muster," but those that "prohibit[] registrants 'from living, working, or loitering within 1,000 feet of a school' and require[] 'all registrants to appear in person immediately to update information such as new vehicles or internet identifiers,' . . . [as] enjoined by *Snyder*, must fail") (some internal quotation marks omitted). The Defendants' answer could also inform evaluation of the *Mendoza-Martinez* factors. According to *Lee*, those factors apply if the *Smith*, *Bredesen*, and *Cutshall* category of cases are analogous to, but not squarely on point with, the statutory provisions that a plaintiff challenges. *See id.* at 337-39 (where challenged provisions of Tennessee's sex offender registry statute are not "either the same as or directly mirror those discussed in [*Smith*, *Bredesen*, and *Cutshall*]," courts analyzing the retroactive effect of a law are to consider "whether the challenged law (1) 'has been regarded in our history and traditions as a punishment,' (2) 'imposes an affirmative disability or restraint,' (3) 'promotes the traditional aims of punishment,' (4) 'has a rational connection to a nonpunitive purpose,' and (5) 'is excessive with respect to this purpose'") (citing *Mendoza-Martinez*, 372 U.S. at 168-69).

4

Because the Defendants' answer is essential to the Court's evaluation of the complaint's Ex Post Facto Clause claim, their request for immediate screening of the complaint is premature. The filing of the answer must precede *Lee*'s case-by-case screening analysis.[1]

To the extent Defendants' request for screening seeks an extension of time to respond to the complaint, it is not well taken.  The Court has never previously ordered the Defendants to respond to the complaint.  Rather, the Court's June 5, 2024, order modified their deadline under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure to respond to the complaint in order to take account of the then-pending Sixth Circuit ruling in *Lee*. (D.E. 24 at PageID 176 ("Defendants' deadline for filing their response to the complaint is hereby extended to twenty-one days after the Sixth Circuit issues its mandate in [*Lee*]").)  The Sixth Circuit issued its mandate in *Lee* on August 21, 2024.  *Does #1-9 v. Lee*, No. 23-5248 (6th Cir. Aug. 21, 2024)  The twenty-one-day period set forth in the Court's June 5, 2024, order concludes on September 11, 2024.  Once Defendants are served with process for the purpose of answering the complaint, *see infra*, they should respond in accordance with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint"); *cf.* D.E. 17 at PageID 122 (directing Clerk to issue process for the purpose of Defendants' response to Wooden's motion for injunctive relief).

For these reasons, Defendants' motion for screening (D.E. 26) is DENIED.

III.   CONCLUSION.

For the reasons explained above:

A.   Plaintiff's request to re-open his case is DENIED as moot and his request for entry of an initial case management order is DENIED as premature.  (D.E. 19.)

---

[1] For that same reason, Wooden's request for entry of an initial case management order is similarly hasty.

5

  B. Defendants' motion is DENIED.  (D.E. 26.)

  C. The Clerk is DIRECTED to issue process for the Defendants for the purpose of allowing them to respond to Wooden's complaint, and to deliver that process to the U.S. Marshal for service.  Service shall be made on Defendants pursuant to Fed. R. Civ. P. 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail, or personally if mail service is not effective.  All costs of service shall by advanced by the United States.  It is further ORDERED that Wooden shall serve a copy of every subsequent document he files in this case on the attorneys for the Defendants or on any Defendant personally if such Defendant is unrepresented.  Wooden shall make a certificate of service on every document he files.  He shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.[2]  He is reminded that he must promptly notify the Clerk *in writing* of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

  IT IS SO ORDERED this 11th day of September 2024.

                s/ J. DANIEL BREEN
                UNITED STATES DISTRICT JUDGE

---

[2] A copy of the local rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.